**NATURAL RESOURCES DEFENSE COUNCIL, INC.; American Lung Association; American Lung Association of New York State, Inc.; Brooklyn Lung Association, Inc.; Queensboro Lung Association; and American Lung Association, Hudson Valley, Inc., Plaintiffs,**

v.

**NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION; Henry G. Williams, as Commissioner, New York State Department of Environmental Conservation; United States Environmental Protection Agency; and Lee M. Thomas, as Administrator, United States Environmental Protection Agency, Defendants.**

No. 87 Civ. 505(MEL).

United States District Court, S.D. New York.

June 4, 1991.

See also 700 F.Supp. 173.

Eric A. Goldstein, Natural Resources Defense Council, Inc., New York City, for plaintiffs.

James S. Frank, Vedder, Price, Kaufman, Kammholz & Day (Nancy S. Bryson, Dana Contratto, Richard J. Mannix, Crowell & Moring, Washington, D.C., of counsel), New York City, for Intervenors The Cosmetic, Toiletry and Fragrance Ass'n and The Chemical Specialties Mfrs. Ass'n.

Robert Abrams, Atty. Gen. of the State of N.Y. (Helene G. Goldberger, Asst. Atty. Gen., of counsel), Albany, N.Y., for State defendants.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Richard W. Mark, Asst. U.S. Atty., New York City, David J. Kaplan, Environment and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., of counsel), for Federal defendants.

LASKER, District Judge.

The Cosmetic, Toiletry and Fragrance Association (CTFA) and Chemical Specialties Manufacturers Association (CSMA) (collectively the "Associations") move under Federal Rule of Civil Procedure 24(a)(2) or 24(b)(2) to intervene in this action as defendants. The motion is denied.

This action was brought by the Natural Resources Defense Council, Inc. ("NRDC") as a citizens suit for an order requiring New York State to carry out its State Implementation Plan ("SIP") designed to reduce the levels of ozone and carbon monoxide in the atmosphere. Orders of the court have previously been entered requiring the State to take specific action to carry out its SIP by particular dates.

Prior to the adoption of its SIP, New York State submitted proposed plans in 1973, 1980 and, finally, in 1984. The 1984 revision is the version of the plan now in force. CTFA testified at the public hearings relating to that plan in opposition to the proposed strategy for the reduction of ozone emissions from the plan's consumer and commercial products.

Thereafter, the United States Environmental Protection Agency ("EPA") approved the New York plan as abiding by federal statutory requirements. The Associations had had an opportunity, as did all citizens, to comment on the EPA's proposal but failed to do so. Moreover, neither the Associations nor any of their members appealed the EPA ruling to the Court of Appeals as they had the right to do under 42 U.S.C. § 7607(b)(1).

In 1987 NRDC brought this suit to require the State to carry out the provisions of its SIP and on September 9, 1987 this court ordered the State to do so. 668 F.Supp. 848, 852 (S.D.N.Y.1987).

\*     \*     \*     \*     \*     \*

■ To establish a right to intervene under Rule 24(a), the applicant must establish 1) that its motion is timely; 2) that it has an interest relating to the subject of the

action; 3) that a disposition of the action may, as a practical matter, impair or impede its ability to protect that interest and 4) that its interest is not adequately represented by existing parties. "[A] failure to meet *any* of Rule 24(a)(2)'s requirements provides sufficient grounds to deny a motion to intervene as of right." *United States v. State of New York*, 820 F.2d 554, 558 (2d Cir.1987). (Emphasis in original.)

■ The Associations' application to intervene is clearly not timely. Both have had four to five years to move to intervene in the present case. CTFA's knowledge of the process and subject matter involved is established by its own testimony on the State's original SIP proposal as far back as 1983. Both Associations argue, however, that the 1990 Clean Air Act amendments establish a new factual and legal context supporting the timeliness of this motion. The argument is not persuasive. Whatever effect the Clean Air Act Amendments may have, they do not apply to this case. Indeed, Section 193 of the amendments specifies that the control measures required to be adopted by an order or plan in effect prior to enactment of the amendments (as is the case here) may not be modified in any manner, unless the modification insures equivalent or greater emission reductions.

Moreover, the plaintiffs in this case would be prejudiced by the delays which are likely to result from the Associations' intervention. The State has already fallen behind in complying with the court ordered time table for implementation of the consumer and commercial product strategy. If intervention were granted, the Associations almost certainly would litigate aspects of the plan approved by the court, or amendments to it, unless they agreed entirely with the existing parties, in which case intervention would be unnecessary. Where, as here, the proposed intervenors participated in state administrative hearings, and have the continuing right to do so with regard to any proposed change by the State in the SIP regulations, and where they could have moved to intervene earlier and promptly in the pending litigation, it is

appropriate to deny a request for intervention. *Farmland Dairies v. Commissioner of New York State Department of Agriculture and Markets*, 847 F.2d 1038, 1044 (2d Cir.1988).

The Associations state that a basis for their interest in intervening is to insure that federal and state efforts in controlling pollutants from consumer solvents are well coordinated. This is a worthy objective, but not one which is the subject of the present litigation. It is to be observed, however, that CTFA has the right to participate in whatever federal rule making proceedings emerge under Section 183 of the 1990 Clean Air Act Amendments and to participate in the relevant New York State administrative proceedings.

Moreover, the Associations have not shown that "as a practical matter" any further disposition of the action will impair their ability to protect their interests. The only future action in this case which, at this reading, appears likely, is that the State may apply to the court to modify the existing schedule for issuance by the State of consumer product regulations. If any such modification is approved, it is obvious that the State, and, therefore, the Associations would be granted more time than they now have under the court order to comply with the provisions of the SIP which affects it.

The Associations claim that none of the present parties adequately represents their "real and immediate economic and business interests ... in comprehensive, coherent and uniform regulation...." A similar argument was made by the American Petroleum Institute in an earlier motion to intervene in this case, which was denied. On appeal from the denial, the proposed intervenor claimed that its "economic interests [were] not necessarily shared by the state and federal defendants". *Natural Resources Defense Council, Inc. v. New York State Department of Environmental Conservation*, 834 F.2d 60, 62 (2d Cir. 1987). The Court of Appeals disagreed, commenting that the proposed intervenor had failed to establish "that the nature of those economic interests were related to

colorable legal defenses that the public defendant would be less able to assert." *Id.* Those observations apply equally to the Associations' present application.

The motions to intervene are denied.

It is so ordered.